The **SASKATCHEWAN GOVERNMENT INSURANCE OFFICE,** Defendant, Appellant,

v.

Vincent **CIARAMITARO,** Plaintiff, Appellee.

No. 5105.

United States Court of Appeals, First Circuit.

June 15, 1956.

James A. Whipple, Boston, Mass., for appellant.

I. Irving Kline, Gloucester, Mass., James D. Hughes, West Roxbury, Mass., on the brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The appeal here is from a judgment for the plaintiff in a suit on a marine insurance policy.

Appellant insurance company issued a hull policy in the sum of $30,000 on appellee's fishing vessel Eleanor for the period October 22, 1953, to October 22, 1954. On the face of the policy was typed in the words: "Warranted Insured vessel engaged in day fishing only, out of Gloucester, Mass."

The home port of the vessel was Gloucester, Mass. During the period in question the vessel was used in whiting fishing, a type of fishing which is done in daylight hours. At about 3:00 a. m. on July 3, 1954, the Eleanor set out from a pier at Gloucester to commence a fishing trip within the limits of the geographical coverage in the policy and, after fishing all morning, the vessel sank from undetermined causes early in the afternoon and was a total loss.

Appellant's defense was that the policy had been forfeited by breach of the aforesaid warranty prior to the sinking of the vessel. This defense was based upon evidence that occasionally after fishing all day the vessel would not put back to Gloucester harbor, but would drop anchor within the shelter of a harbor, such as Provincetown or Rockport, nearer to the area proposed to be fished the next day. The argument was that there had been a breach of warranty, forfeiting the policy, when the Eleanor stayed overnight at any harbor other than Gloucester. We agree with the district court that there was "much convincing evidence" that the warranty, properly interpreted, imposed no such requirement, and that the aforesaid fishing procedure "conformed to the usage attached to the term 'day fishing' in the whiting industry in Gloucester." Finding that there was no breach of warranty, it is unnecessary to rely on Mass. G.L. (Ter.Ed.) c. 175, § 186 [1] a remedial statute which apparently would be applicable here. See Wilburn Boat Co. v. Fireman's Fund Ins. Co., 1955, 348 U.S. 310, 75 S. Ct. 368, 99 L.Ed. 337.

The judgment of the District Court is affirmed.

[1]. "No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss."